# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHARD DIVISION

| | |
|---|---|
| IN RE: BENJAMIN LEE HULVEY and ASHELEY KAILA HULVEY a/k/a ASHELEY GAYLE HULVEY f/k/a ASHELEY GAYLE KAILA, | CASE NO. 08-35081-DOT |
| DEBTORS. | CHAPTER 7 |
| AMERICAN EXPRESS BANK, FSB, | ADVERSARY NO. |
| PLAINTIFF, | |
| vs. | |
| BENJAMIN L. HULVEY a/k/a BENJAMIN LEE HULVEY and ASHELEY K. HULVEY a/k/a ASHELEY KAILA HULVEY a/k/a ASHELEY GAYLE HULVEY f/k/a ASHELEY GAYLE KAILA, | |
| DEFENDANTS. | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

American Express Bank, FSB ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §157(a), (b)(1), (b)(2)(I) (core proceeding), §1334(b) and 11 U.S.C. §523(c).

2. American Express is the holder of a claim against the above-captioned Defendant arising from SimplyCash Business Card Account number ****-******-*1004 ("Account 1").

---
Robert L. Deichmeister, Esquire (VSB #14148)
FAGELSON, SCHONBERGER, PAYNE & DEICHMEISTER, P.C.
11320 Random Hills Road, Suite 325
Fairfax, VA  22030
Telephone: (703) 385-8282
Facsimile:  (703) 385-8761
Attorneys for Plaintiff

3. American Express is the holder of a claim against the above-captioned Defendant arising from Blue Cash American Express Card Account number ****-*****-*2007 ("Account 2").

4. The terms and conditions of the account agreement for Accounts 1 and 2 between the Defendant and American Express call for payment of reasonable attorneys' fees and all costs expended by American Express in the collection of Accounts 1 and 2, which are hereby requested.

5. On October 14, 2008, the Defendants filed a joint, voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

## FIRST COUNT

6. Paragraphs 1 through 5 are hereby repeated and incorporated.

7. The Defendants opened Account 1 in February 29, 2008 in connection with "EARTHSCAPES." Account 1 had a credit limit of $10,300.00.

8. The balance of Account 1 as of the date of the filing of the Chapter 7 petition was $10,196.14, plus an additional balance for American Express' costs and attorneys' fees.

9. Between March 10, 2008 and March 28, 2008, an eighteen (18) day period, the Defendants made five (5) charges totaling $9,974.84 on Account 1. See Exhibit "A" attached hereto and made a part hereof.

10. Attached hereto as Exhibit "A" is the relevant portion of the account statements which reflect the charges, payments, and credits alleged in this complaint. Pages showing statements of available bonus points and other available membership rewards and offers have no relation to account activity and have been removed for purposes of brevity.

11. The transactions referenced in paragraph 9 include one (1) charge in the amount of $9,641.87 at "US TREASURY." See Exhibit "A" attached hereto and made a part hereof.

12. Between January 28, 2008 and the date the Defendants filed their bankruptcy petition, delinquency charges and late fees totaling $889.54 were applied to Account 1 due to non-payment. See Exhibit "A" attached hereto and made a part hereof.

13. The terms and conditions of the account agreement between the Defendants and American Express call for a minimum payment upon receipt of the monthly billing statement.

14. After incurring the charges referenced in paragraph 9, the Defendants submitted only one (1) payment in the amount of $439.00. See Exhibit "A" attached hereto and made a part hereof.

15. When the Defendants made the charges on Account 1, they made a representation to American Express as to their intent to repay the debt in accordance with the terms and conditions of the account agreement.

16. The Defendants' schedules and Statement of Financial Affairs reflect insufficient income and assets from which the Defendants reasonably could have expected to repay American Express.

17. American Express avers that at the time the Defendants incurred the charges on Account 1, the Defendants' monthly expenses exceeded their monthly income and therefore, they did not intend to honor their obligation to American Express to satisfy Account 1.

18. According to Schedule D, "Creditors Holding Secured Claims," filed with the Court, the Defendants owe $332,239.59 in secured debt.

19. According to Schedule F, "Creditors Holding Unsecured Nonpriority Claims," filed with the Court, the Defendants have unsecured, nonpriority debt totaling $133,610.24.

20. According to Schedule J, "Current Expenditures of Individual Debtor(s)," filed with the Court, the Defendants have current joint monthly expenses of $9,685.00, exclusive of payments required to service their credit/charge card debt.

21. According to Schedule I, "Current Income of Individual Debtor(s)," filed with the Court, the Defendants report that they have a monthly income of $7,600.00.

22. According to the Statement of Financial Affairs, filed with the Court, the Defendants had an annual income of $80,000.00 in 2006, $80,000.00 in 2007 and $10,000.00 in 2008, year to date of filing.

23. Therefore, based upon the figures disclosed in the Defendants' bankruptcy schedules, petition and Statement of Financial Affairs filed with the Court, it appears they were already unable to pay their living expenses and credit/charge card debt when they made the charges on Account 1.

24. The Defendants obtained the goods and services through representations which they either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

25. When the Defendants made the charges on Account 1, they knew or should have known given the totality of the circumstances they could not repay the debt incurred.

26. The Defendants made all of the charges in less than a thirty (30) day period. See Exhibit "A" attached hereto and made a part hereof.

27. The Defendants possess financial sophistication as evidenced by their usage and maintenance of multiple credit/charge accounts, ownership of real estate property and an automobile and operation of a business.

28. The Defendants lacked the subjective intent to repay American Express.

29. The Defendants incurred the balance of Account 1 with the knowledge of their inability to repay the debt.

4

30. The Defendants made the false representations with the intention and purpose of deceiving American Express so that American Express would extend credit and allow them to make the charges referenced in Paragraph 9.

31. American Express justifiably relied on the Defendants' false representations.

32. As the proximate result of extending credit based on the Defendants' false representations, American Express has sustained loss and damage in the amount of $10,196.14 on Account 1 in that American Express allowed the Defendants to make the charges, and they never repaid them.

33. The Defendants incurred the balance of Account 1 through false pretenses, a false representation, or actual fraud.

34. For the foregoing reasons, the balance of Account 1, $10,196.14 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, American Express Bank, FSB prays this Honorable Court for a nondischargeable judgment against the Defendant in the amount of $10,196.14 for Account 1, and any other such relief as the Court may deem appropriate.

## SECOND COUNT

35. Paragraphs 1 through 34 are hereby repeated and incorporated.

36. On March 10, 2008, Asheley Hulvey ("Defendant 1") made one (1) charge on Account 1 in the amount of $9,641.87 at US TREASURY for "TAX PAYM." See Exhibit "A" attached hereto and made a part hereof.

37. On March 10, 2008, Defendant 1 made one (1) charge on Account 1 in the amount of $240.08 at PAY 1040 SERVICE FEE. See Exhibit "A" attached hereto and made a part hereof.

5

38. Attached hereto as Exhibit "A" is the relevant portion of the account statements which reflect the charges, payments, and credits alleged in this complaint. Pages showing statements of available bonus points and other available membership rewards and offers have no relation to account activity and have been removed for purposes of brevity.

39. American Express asserts that Defendant 1 incurred the obligation referenced in paragraphs 36 and 37 to a pay a tax to the United States that would otherwise be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

40. For the foregoing reasons, $9,881.95 of the balance of Account 1 is nondischargeable pursuant to U.S.C. §523(a)(14).

WHEREFORE, Plaintiff, American Express Bank, FSB prays this Honorable Court for a nondischargeable judgment against Defendant 1 in the principal amount of $9,881.95, plus interest, reasonable attorneys' fees, and costs, and for any such further relief as the Court may deem appropriate.

## THIRD COUNT

41. Paragraphs 1 through 40 are hereby repeated and incorporated.

42. The Defendants opened Account 2 on April 12, 2004. Account 2 had a credit limit of $24,700.00.

43. The balance of Account 2 as of the date of the filing of the Chapter 7 petition was $8,406.17.

44. Between February 24, 2008 and June 27, 2008, the Defendants made forty-seven (47) charges totaling $7,972.37 for goods and services on Account 2. See Exhibit "B" attached hereto and made a part hereof.

45. Attached hereto as Exhibit "B" is the relevant portion of the account statements which reflect the charges, payments, and credits alleged in this complaint. Pages showing

statements of available bonus points and other available membership rewards and offers have no relation to account activity and have been removed for purposes of brevity.

46. The charges referenced in paragraph 44 include one (1) charge in the amount of $1,365.00 at "STAFFORD NURSERY." See Exhibit "B" attached hereto and made a part hereof.

47. The charges referenced in paragraph 44 include one (1) charge in the amount of $1,170.03 at "LITTLE TIRE." See Exhibit "B" attached hereto and made a part hereof.

48. Between April 4, 2008 and the date the Defendants filed their bankruptcy petition, delinquency charges and late fees totaling $1,185.35 were applied to Account 2 due to non-payment. See Exhibit "A" attached hereto and made a part hereof.

49. The terms and conditions of the account agreement for Account 2 between the Defendants and American Express call for a minimum payment of the charges due upon receipt of the monthly billing statements.

50. After incurring the transactions referenced in paragraph 44, the Defendants made only two (2) payments totaling $200.00 towards these charges. See Exhibit "B" attached hereto and made a part hereof.

51. American Express asserts that at the time the Defendants incurred the charges on Account 2, their monthly expenses exceeded their monthly income and therefore, they did not intend to honor their obligation to American Express to satisfy Account 2.

52. The Defendants' Schedules and State of Financial Affairs reflect insufficient income and assets from which they reasonably could have expected to repay American Express.

53. The Defendants incurred the balance of Account 2 without the intent to repay it.

54. The Defendants obtained the goods and services through representations which they either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

55. The Defendants incurred the balance of Account 2 with the knowledge of their inability to repay the debt.

56. The Defendants made the false representations with the intention and purpose of deceiving American Express.

57. When the Defendants made the charges on Account 2, they knew or should have known given the totality of the circumstances they could not repay the debt incurred.

58. The Defendants possess financial sophistication as evidenced by their usage and maintenance of multiple credit/charge accounts, ownership of real estate property and an automobile and operation of a business.

59. The Defendants lacked the subjective intent to repay American Express.

60. American Express justifiably relied on the Defendants' false representations.

61. As the proximate result of extending credit based on the Defendants' false representations, American Express has sustained loss and damage in the amount of $8,406.17 on Account 2.

62. The Defendants incurred the balance of Account 2 through false pretenses, a false representation, and/or actual fraud.

63. For the foregoing reasons the balance of Account 2, in the amount of $8,406.17, is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, American Express Bank, FSB prays this Honorable Court for a nondischargeable judgment against the Defendant in the amount of $8,406.17 for Account 2, and any other such relief as the Court may deem appropriate.

Respectfully submitted,
Attorneys for the Plaintiff,

Dated: January 13, 2009          By:   */s/ Robert L. Deichmeister*
                                       Robert L. Deichmeister (VA Bar No. 14148)
                                       FAGELSON, SCHONBERGER, PAYNE &
                                       DEICHMEISTER, P.C.
                                       11320 Random Hills Road, Suite 325
                                       Fairfax, VA  22030
                                       Telephone: (703) 385-8282
                                       Facsimile:  (703) 385-8761